UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REGINALD FREY,

    Plaintiff,

vs.

LOUIS DEJOY,
United States Postmaster General,

    Defendant.

Case No. 3:22-cv-331

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27); (2) DISMISSING PLAINTIFF'S CLAIMS AS BARRED BY *RES JUDICATA*; (3) DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN DEFENDANT'S FAVOR; AND (4) TERMINATING THE CASE ON THE DOCKET**

---

Plaintiff Reginald Frey, a former employee of the United States Postal Service, brings this case *pro se*, raising claims of discrimination based on his race, sex, religion, and disability, and a claim of retaliation, in violation of his rights under 42 U.S.C. §§ 2000e, *et seq.*, and 29 U.S.C. §§ 791, *et seq.*[1]  *See* Doc. No. 3 at PageID 33-34.  Plaintiff also seeks to challenge, pursuant to 5 U.S.C. § 7703(B)(2), the Merit System Protection Board's decision concerning his formal complaint of discrimination.  *Id*.  The case is pending upon Defendant's motion for summary judgment (Doc. No. 27), to which Plaintiff has not responded.

I.

Plaintiff's complaint concerns the same events and discrimination/retaliation claims he included in a previously filed *pro se* complaint against the Postal Service.  *Compare Reginald Frey*

---

[1] Plaintiff's complaint asserts claims against Postmaster General Louis DeJoy in his official capacity.  Doc. No. 3 at PageID 54.  Thus, Plaintiff, in effect, asserts his claims against the Postal Service.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

v. Louis DeJoy ("*Frey I*"), No. 3:22-cr-232 (Doc. No. 3) *with Reginald Frey v. Louis DeJoy* ("*Frey II*"), No. 3:22-cv-331 (S.D. Ohio) (complaint filed Aug. 15, 2022) (Doc. No. 2). In that prior-filed case—*Frey I*—this Court granted Defendant's motion for summary judgment on January 31, 2025. Doc. No. 28.

In the instant case—*Frey II*—Defendant's motion for summary judgment identifies the same problems with Plaintiff's case and leads to the same conclusions the Court reached in *Frey I*—*i.e.*, no genuine disputes exist over any material factual issues and Defendant is entitled to summary judgment in its favor. Consequently, for the reasons set forth in the Court's Order in *Frey I* (Doc. No. 28), the Court **GRANTS** Defendant's motion for summary judgment in the instant case, *Frey II*.

In addition, the Court finds that that *res judicata* bars Plaintiff's claims in the instant case, including the claims he raised in *Frey I* or any claims he could have raised in *Frey I* but did not. *Cf. Turner v. Mercedes-Benz USA, LLC*, No.3:24-cv-167, 2024 WL 4817488, at *2 (S.D. Ohio 2024) (finding *res judicata* bars claims when "it is clear and beyond dispute that [the plaintiff's] claims have been previously litigated between the parties or could have been litigated between them").

## II.

For the above reasons, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's claims are **DISMISSED** on the merits as barred by *res judicata*. The Clerk of Court is **DIRECTED** to enter judgment in Defendant's favor. The case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

February 4, 2025          s/*Michael J. Newman*
                                                Michael J. Newman
                                                United States District Judge